UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID ELIJAH BOWERS JR.,

    Plaintiff,

v.                                                        Case No. 19-C-285

STATE OF WISCONSIN,
WARDEN TIM LUNDQUIST, and
DOCTOR LAURI,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff David Elijah Bowers, Jr., an inmate who is currently confined in Wisconsin Resource Center (WRC) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights are being violated. Along with his original complaint, Bowers filed a motion to waive prisoner filing fees. Bowers has since filed an amended complaint along with a motion for leave to proceed without prepayment of the filing fee.

Bowers is on the restricted filer's list because he has garnered at least three strikes for filing complaints that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). His complaint alleges he is in imminent danger of serious bodily injury, however, and thus the case must proceed. But this does not mean that he is relieved of his obligation to pay the full filing fee. The court is not able to assess whether Bowers has the funds to pay an initial partial filing fee because he has not yet filed a certified copy of his institutional trust account statement for the past six months. While Bowers will ultimately be responsible for paying the full filing fee, the court will proceed to screen his amended complaint given the serious nature of his allegations.

**SCREENING OF THE COMPLAINT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

Bowers' latest filing, which he labels an "Amended Complaint in Pursuit of Motion for TRO Injunctive Relief and Appointment of Counsel Due to Imminent Danger," ECF No. 7, supersedes the original complaint and is the operative pleading moving forward. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). In his amended complaint, Bowers alleges that he has a "strangulated hernia that can cause death" and he is being denied emergency surgery. ECF No. 7 at 1. Bowers

alleges that WRC Director Tim Lundquist and Dr. Lauri are aware that his hernia places him in imminent danger and requires immediate surgery but they nevertheless refuse to provide the surgery.

**THE COURT'S ANALYSIS**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," which includes punishments that involve the unnecessary and wanton infliction of pain. U.S. Const. amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment protects an inmate from a governmental actor's deliberate indifference to his basic needs, including medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal citation omitted). To state a claim for deliberate indifference to a serious medical need, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The plaintiff must allege that the official was subjectively indifferent. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Bowers alleges that he suffers from a serious medical condition—a strangulated hernia. *See Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006) (listing as one of three types of hernia situation a strangulated hernia, "which is a medical emergency mandating surgery"); *see also Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) ("As we have acknowledged on previous occasions, a hernia can be an objectively serious medical problem."). He alleges that his strangulated hernia can cause death and puts him in imminent danger, that the defendants are aware of his serious medical condition, and that the defendants have denied him emergency surgery. These allegations are sufficient to state an official capacity claim for injunctive relief against Tim

Lundquist, who is WRC's director, and an individual capacity deliberate indifference claim against Lundquist and Dr. Lauri.

Lundquist and Dr. Lauri may have good reasons for denying Bowers surgery, but at this stage, the allegations in the complaint must be accepted as true and construed in Bowers' favor. *See Turley*, 729 F.3d at 651. Without an explanation for why Bowers is being denied surgery, his claims may proceed past screening because the court can reasonably infer from the complaint that Bowers' condition requires surgery and that the defendants' refusal to provide surgery was due to deliberate indifference. In the event that the denial of surgery reflects a disagreement among medical personnel regarding the proper course of treatment, Bowers would fail to state a claim. *See Burton v. Downey*, 805 F.3d 776, 786 (7th Cir. 2015) ("[E]vidence that another doctor would have followed a different course of treatment is insufficient to sustain a deliberate indifference claim."); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996) ("Mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference.").

The case will proceed on Bowers' official capacity claim against Lundquist and individual capacity claim against Lundquist and Dr. Lauri. Because the official capacity claim against Lundquist is treated as a suit against the state that will redress Bowers' alleged harm should he prevail, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), the State of Wisconsin will be terminated as a separate defendant. Given Bowers' allegation that he has a strangulated hernia and courts' recognition that such a hernia may require emergency surgery, *see, e.g.*, *Johnson*, 433 F.3d at 1014, the court will direct the defendants to file within fourteen days of the date of this order a response regarding Bowers' claim for injunctive relief that explains the basis for denying him surgery.

4

Bowers' request for appointment of counsel that is embedded in his amended complaint will be denied at this time. Bowers requests counsel "due to expert arguments from Doctors with College degrees" and because he has a fifth-grade reading level. ECF No. 7 at 2. Ultimately, it may be necessary to recruit counsel to assist Bowers in bringing his case, but it is premature to make that determination at this time before the defendants have even had an opportunity to respond. The court has no idea whether Bowers has a serious medical problem that requires immediate attention or whether his allegations are a complete fabrication. Presumably, the defendants' response will shed some light on the matter, and the court will be better able to determine whether counsel should be recruited once the defendants are heard. For now, Bowers' motion is denied but the court will reconsider his request as the case proceeds. Bowers has also demonstrated through his filings that he is competent to proceed in litigating the case at least for now.

Bowers' motion for waiver of filing fees, which asserts that he is indigent, will be denied because the Prison Litigation Reform Act (PLRA) requires that a prisoner bringing a civil action pay the full amount of the filing fee, *see* 28 U.S.C. § 1915(b), and because Bowers' recent motion to proceed without prepayment of the filing fee renders the motion moot. To proceed without prepayment of the filing fee, or *in forma pauperis*, Bowers must comply with the requirements of 28 U.S.C. § 1915(a), which requires that, among other things, he file a certified trust account statement for the six-month period preceding the filing of the complaint. To date, Bowers has not filed this statement. If Bowers wishes to proceed in this case, he must file a certified trust account statement for the six-month period preceding the filing of the complaint by March 18, 2019, the deadline given in the court's February 25, 2019 letter mailed to Bowers. *See* ECF No. 4. Failure to timely file a trust account statement will be construed as a voluntary withdrawal of this action, and this case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Clerk is direct to docket the plaintiff's "Amended Complaint in Pursuit of Motion for TRO Injunctive Relief and Appointment of Counsel Due to Imminent Danger" (ECF No. 7) as an amended complaint.

**IT IS FURTHER ORDERED** that the plaintiff's motion for waiver of prisoner filing fees (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for appointment of counsel in his amended complaint (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall file a certified copy of his institutional trust account statement for the six months preceding the filing of his complaint by March 18, 2019, the deadline given in the court's February 25, 2019 letter, otherwise his complaint will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the State of Wisconsin is terminated as a defendant.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that the defendants shall file within **fourteen** days of the date of this order a short response (a physician affidavit, if possible) to the plaintiff's claim for immediate relief based on his claim of imminent harm.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this __6th__ day of March, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court