# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID ELIJAH BOWERS, JR.,

      Plaintiff,

v.                                          Case No. 19-C-285

TIM LUNDQUIST and
DR. LOYDA LORIA,

      Defendants.

## ORDER

Plaintiff David Elijah Bowers, Jr., an inmate who has incurred at least three strikes under 28 U.S.C. § 1915(g), filed a civil action pursuant to 42 U.S.C. § 1983, alleging an ongoing violation of his civil rights. Bowers later filed an amended complaint and a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis*. In his amended complaint, Bowers alleges that he has a strangulated hernia and that the defendants are denying him emergency surgery. Despite Bowers' restricted status, the court screened his amended complaint given his allegations of imminent harm. The court allowed Bowers to proceed on an official capacity claim for injunctive relief against Tim Lundquist and individual capacity claims against Lundquist and Dr. Loyda Loria, and ordered the defendants to file a response to Bowers' claim for immediate relief within fourteen days. The defendants timely filed a response and simultaneously moved the court to revoke Bowers' *in forma pauperis* status. For the reasons that follow, Bowers' request for immediate relief will be denied and the defendants' motion will be granted.

The defendants attach to their response a declaration from Dr. Loria, who has been a physician at Wisconsin Resource Center (WRC) since November 2007. *See* ECF No. 11. Dr. Loria treated Bowers during his incarceration at WRC from approximately November 29, 2018 until March 4, 2019, when Bowers was released from prison. *Id.* at ¶ 6. Dr. Loria attests that, on January 30, 2019, Bowers saw Dr. Robert McDonald, a surgeon at Ascension Medical Group, who determined that Bowers had a reducible (not strangulated) inguinal hernia. *Id.* at ¶ 10; ECF No. 11-1 at 1. Dr. Loria explains that a reducible hernia does not pose an immediate danger to a person's health and does not require immediate surgery. ECF No. 11 at ¶ 10.

Dr. Loria further attests that Bowers was scheduled for an elective surgery but that surgery was postponed because Bowers developed thrombocytopenia (low blood platelet count) with a high risk for bleeding. *Id.* at ¶ 10; ECF No. 11-1 at 5. Dr. Loria spoke with Dr. Edwin, a hematologist who saw Bowers for his thrombocytopenia, who agreed that Bowers' surgery should be postponed until his platelet count was up to 100,000. ECF No. 11 at ¶ 10; ECF No. 11-1 at 1. On March 1, 2019, Dr. Loria discussed the reason for the delay in surgery with Bowers, who informed Dr. Loria that he was scheduled to be discharged on March 4, 2019. ECF No. 11 at ¶ 11; ECF No. 11-1 at 1. Dr. Loria advised Bowers to seek immediate medical attention if he has signs of bleeding or pain on the left inguinal area and to follow up with a physician to have a repeat complete blood count (CBC) done to check his platelet count. ECF No. 11 at ¶ 11; ECF No. 11-1 at 1.

Given Dr. Loria's declaration and the attached exhibits, Bowers' request for immediate injunctive relief will be denied. Contrary to Bowers' belief, the evidence shows that his hernia is not strangulated and therefore does not require immediate surgical intervention. Bowers has therefore failed to demonstrate the existence of irreparable harm necessary to obtain preliminary

injunctive relief. *See Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017). Moreover, ordering that surgery be performed would not be the least intrusive means necessary to correct the violation of a federal right. *See* 18 U.S.C. § 3626(a)(1)(A). Such an order would also be ineffectual given that Bowers has been discharged from the Department of Corrections (DOC). Denial of Bowers' motion for immediate relief is therefore appropriate.

Bowers' *in forma pauperis* status must also be revoked given that his allegations of imminent harm are unfounded. *See* 28 U.S.C. § 1915(g) (barring prisoners with three strikes under subsection (g) from proceeding *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury"). Instead of filing a certified copy of his institutional trust account statement, as the court's previous order directed, Bowers must now pay the full $400 filing fee (the sum of the $350 filing fee and the $50 administrative fee applicable to litigants not proceeding *in forma pauperis*) within fourteen days of the date of this order. *See Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Failure to timely pay the full filing fee will result in dismissal of this action.

Whether Bowers will receive notice of this order is unclear because he has not notified the Clerk of any change of address since his discharge from WRC. As a *pro se* litigant who is not using the court's e-filing system, Bowers has the responsibility to update the Clerk of his most current address as a part of diligently prosecuting this action, and failure to do so may result in dismissal. *See* Civil L. R. 41(c). If Bowers notifies the court of a new address within fourteen days, then the court will forward this order to him and allow him fourteen additional days from the date of his notification of a change of address to pay the $400 filing fee. If Bowers provides no such

3

notification and fails to pay the full filing fee within fourteen days, then this action will be dismissed. Of course, if Bowers timely pays the full filing fee, then he may proceed in pursuing his claims.

**IT IS THEREFORE ORDERED** that the defendants' motion to revoke Bowers' *in forma pauperis* status (ECF No. 12) is **GRANTED** and Bowers' motion for leave to proceed without prepayment of the filing fee (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Bowers must pay the full $400 filing fee within **fourteen days** of the date of this order. Failure to timely pay this fee will result in dismissal of this action.

Dated this   5th   day of April, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court